Today is 14-1101, United States v. Hector Cortes-Medina. Ms. Clark, good morning. Good morning. May it please the Court, my name is Heather Clark. I represent the Defendant Appellant Hector Cortes-Medina, and I would ask to reserve three minutes for rebuttal, if I may. Yes. Thank you. So I want to focus my remarks today on the first claim of error, which is that the District Court procedurally erred by considering the dismissed and acquitted charges, which were not proved by preponderance of the evidence. The first piece of this is that this claim was preserved. This Court has held both in Gallant and Sepulveda-Cantares that a criminal defendant does not need to state objections to a sentence after the sentence is imposed. Certainly Mr. Cortes had no notice that the District Court would consider those dismissed and acquitted charges in arriving at the sentence. There was no indication in the pre-sentence report that would occur. Why not? The arrest record, right, which catalogs what you call the dismissed and acquitted charges, appears in the pre-sentence report. Isn't that so? Correct. All right. So what further notice do you need? I mean, any materials that appear in the pre-sentence report may be considered by the judge at sentencing. What further notice do you need? Well, there's no evidence of what the underlying criminal conduct was. But the judge didn't refer to the underlying criminal conduct. Which is precisely the error. The judge can't consider those acquitted or dismissed charges if he's not considering the underlying criminal conduct. Why not? I thought we've got case law that says that a patent of arrest can itself be probative, can be indicative of traits and characteristics that may be material to sentencing. Am I mistaken? Don't we have cases that say that? I believe that's not the gist of the case law. I believe under Watts. No, I'm not talking about Watts. Watts is a Supreme Court case and is a completely different situation. I'm talking about First Circuit case law. Yes, sir. It says that under 3553A that a judge may consider a pattern of arrests as relative to issues such as the need for deterrence. That are appropriate for consideration under the statute. That's correct, isn't it? I would disagree. Because I'm surprised. You seem to be saying that the fact of an arrest and the fact of dismissal of charges cannot be considered by the judge for any purpose unless the underlying conduct which led to the arrest is proven by a preponderance of the evidence. Is that your argument? It is my argument. And I think there are cases from this circuit that certainly support that. There are four. There are four different scenarios. What makes you think that the judge here was doing anything other than looking at the fact of an arrest and the fact of dismissal of charges? Because the judge here explicitly states he's a firm believer that lightning does not strike twice in the same place. What does that mean? What does that mean? That he's considering that he has, that Mr. Cortez has committed these offenses. He's considering that the charges in and of themselves are valid. That doesn't mean that at all. Lightning doesn't strike twice in the same place means that? Well, certainly he's. If the judge had said where there's smoke there's fire, that might mean that. But lightning doesn't strike twice? Respectfully, I don't see a difference between those two. Counsel, what other than the bare recital of arrests and dismissals, what other information did the judge have about these charges? It's my understanding that the PSR itself indicated that probation had requested information about these dismissed charges and got nothing. Is that correct? That's correct. And so what the judge has, the only person to have addressed those is defense counsel, who indicated to the court that he had himself gone down to the state court, reviewed the files, and based on the evidence contained in those files, represented or proffered to the court that there was no evidence. Many of those charges lacked evidence of Mr. Cortez's involvement. What difference does that make? It makes a significant difference because that's the only evidence the court has. At first it wasn't evidence. There was no affidavit put in. It was a representation made by counsel. The PSR says essentially the charges were dismissed. That is the only thing we know. Defense counsel then says they were dismissed because there was a lack of information to support the charges. Correct. Okay. So what difference does that make in this case? Perhaps if I address some of the cases, I will articulate myself better. If you look at four different cases from the circuit, anonymous defendant, the court there held an evidentiary hearing on the pending charges, made factual findings based on that evidence, and there was no error in the court considering that evidence. In Gobi, the court presided over the trial. At that trial, there was a charge of possession of a handgun. Though the defendant was acquitted in that trial, certainly there was no error for the district court to consider that evidence in support of a sentence enhancement. In Diaz-Arroyo, cited by the state in its supplemental authority, in that case the government proffered at sentencing that the defendant's murder and attempt murder charges were dismissed because, importantly because, the only witness to that case was a minor child who positively identified the defendant and did not appear for trial. The defense doesn't dispute that. So, therefore, the court is not erring to consider that evidence in sentencing the defendant. In Marsh, the pre-sentence report included the underlying criminal conduct of two vacated convictions. Wasn't it required to do so by the sentencing guidelines? And we don't have that here, and that's the point I'm trying to make. But the distinguishing characteristic of those four cases, three of which I wrote, is that there the court considered the underlying conduct. And the issue was, was there reliable evidence to warrant that consideration? Here, there's nothing to indicate that the court considered the underlying conduct at all. Well, and if that's true, then certainly we have right into the second error, which is that the court didn't consider the 3553A factors and didn't state any reason on the record under 3553C for the sentencing. No, but the patent of arrest is itself a Section 3553A consideration. And there's no question about that being proved by a preponderance. That's undisputed, that there is this patent of arrest. Counsel, what is, in your view, what is, even if the bare record indicates that there have been this sequence of arrests, what is, what reliable inference can one draw from that? I think the court can't draw any, and that's, the court looks at Zapit Garcia, page 60. A mere arrest is not evidence that the person arrested committed any criminal conduct. The court in Zapit Garcia goes on to explain that the guidelines differentiate for very specific reasons between arrests and underlying criminal conduct. Arrests can't increase a defendant's offense level or criminal history. Criminal conduct, however, the criminal conduct underlying those charges potentially can. And that happens here. Under 1B1.3, it may be relevant conduct that increases the offense level. It may be that it's conduct that increases the criminal history score under 4A1.3E under an argument that the criminal history score is underrepresented. I think the distinction is very important. You've reserved. Thank you.  Francisco de Sousa Martinez for the United States. We're here to respectfully request that this court affirm the district court's sentence. I'd like to start by pointing out that Judge Celia is correct. There is precedent from this circuit stating that prior conviction, prior charges that did not wrap into conviction first can be, not only can be considered. Counsel, in considering that pattern, as you referred to it, is there any standard of proof that the district court has to apply in drawing some inference from that pattern? Or is it just the mere fact that it's there?  Well, certainly this court has cautioned in considering these charges that do not wrap into conviction, particularly when there is a loan arrest or there is a lack of showing of a pattern. But in a case like this where Mr. Cortez Medina's criminal history can be compartmentalized in three categories, the instant federal offense, prior state convictions, which total, I believe, four, and then during that same amount of time six other charges that did not lead to conviction for reasons unknown to the district court, I believe that as a whole the district court correctly, reasonably inferred that there was a pattern here of criminal behavior. So in this case, it's clear from the rather brief explanation the district court gave that his decision to add four years to the recommended sentence was based upon this pattern of arrest and dismiss charges. I mean, he goes through that, expresses displeasure with a repeated pattern of this kind of history where commonwealth charges seem to be dismissed without any explanation, and announces his sentence. So the increase of four years is based upon this pattern of arrests and dismiss charges. I don't know what other inference one can draw from this record. Can't one draw the inference that from the convictions alone the guideline sentencing range was 168 months, and that is what the judge imposed in this case, and that the judge is required to consider all of the arrest record, and it would take some speculation to conclude that the 168 months were based on acquitted conduct rather than convicted conduct? That's certainly correct, Your Honor. This is very important to emphasize the fact that this is a guideline sentence. It was the district court adopted the sentencing range in the pre-sentence report, which is not objected to, which specifically stated it was 135 to 168 months. Given the totality of the circumstances here, which quite correctly the court specifically articulated its reasons in terms of the criminal history, but also looking at the record as a whole, the district court did have in its hand the sentencing memorandum, which also considered certain mitigating factors that the defense brought up and which were also brought up. Counsel, let me ask you if we are to agree that this history of arrests and dismissed charges was a factor, not the sole factor, but was a factor in the court's sentencing decision, and I think that's a fair inference given the attention that the court gives to it. What standard of proof, what degree of reliability should the court ask of that evidence before according to any weight in the sentencing decision? Well, this court has stated that the pre-sentence reports have an indicia of reliability, and when a defendant seeks to refute or challenge a certain portion, he must do so more than with vague pronouncements such as was the case here. In an objection to that report, the defendant pointed out the absence of any documentation explaining these charges. I mean, that was an objection that was raised in the report. Probation itself indicated that it attempted to get information about it and had nothing, so the report is nothing more than a bare recital of a history of arrests and dismissed charges, no supporting documentation at all. Isn't that correct? That's correct, Your Honor. In this particular case, however, the probation officer correctly stated that they had attempted to get these However, in their sentencing memorandum, the defendant said that they had access to these documents, yet they failed to provide them to the court. So their challenge remains insufficient to raise this to the level needed to preserve the objection. One of the difficulties is that I agree with Judge Lopez. It would have been helpful to have more of an explanation from the judge about what he was doing, but whether the law required more of an explanation is a question here, and had defense counsel said to the judge at that point, I don't believe you can consider even the fact of the charges, much less get into the underlying conduct, perhaps we would have a better record here of exactly what happened. But there was no such objection, and part of what's involved in this case is fair notice to the district judges of what the defendant is concerned about, and there was no such statement here. That's correct, Your Honor. Counsel, you've been at a lot of these sentencing proceedings, is that correct? I've been to a few. Okay. Not that many, but a couple. It appears that the dynamic is that the parties make their arguments, and then the judge announces his or her decision. That's what happened here. The judge went through the factors that were important to him very briefly, went through this history of arrests and dismissed charges, says lightening doesn't strike twice, and then announces the decision. And then the hearing's over. There's no invitation or request for any further objections, comments on the sentence. As far as the judge is concerned, it's over. Isn't that how it works? Well, yes, Your Honor. There is no express invitation from the district court, however, to say that the defense or government, for that matter, would need to remain silent, simply because the court does not invite such objections at that time would be a dangerous path to take. I think each side has the duty to bring up these issues before the district court at that time. And in this case, that was not the case. Is it not the case that even before the sentence was announced, by the objections that were opposed to the pre-sentence report, the court knew that defense counsel did object? I assume that's why in the objection to the pre-sentence report, defense counsel focused on the lack of any documentation about these arrests and dismissed charges, the court fully understood, just to those objections, that defense counsel was signaling that any reliance on that history would be inappropriate, unwarranted. Why else go to the trouble of citing the absence of documentation? Perhaps because the defendant didn't want the court to rely on the substance of the conduct, and the court didn't. That is very possible, Your Honor. In this particular case, the defense certainly pointed out the lack of documentation. But that did not rise to the level of stating to the court that it would be procedural error to rely on those charges without said documentation. The documentation which, again, they stated, they presented to the court that they had reviewed. You may finish your sentence. The government will rest on the briefs, Your Honor. Okay. Thank you. Ms. Clark, rebuttal. Thank you. I would start by noting, of course, the decision in Gallant, in terms of the potential post-sentence objections. This court has said there's no federal rule of criminal procedure giving notice to counsel that they're required to make post-sentencing objections, and also has clearly said that a defendant is not required to state objections after the sentence imposed. That would undermine the idea of finality. Certainly, the court, it would not be beneficial to have defendants filing motions to reconsider after the judgment is entered in objections and having a never-ending cycle to preserve a record. I think Mr. Cortes adequately preserved the record by making the argument that there was no evidence of those prior dismissed, underlying conduct of the prior dismissed and acquitted charges to present this. There was certainly evidence that the charges were brought and that they were dismissed. Of the underlying conduct. You're correct. I started to misspeak. And the court was required to consider that evidence. Again, and I don't mean to belabor the court. I understand the court's position at this point. I think that Watts controls. I do believe that the court has to, the district court has to have the underlying criminal conduct. The court can't sentence him based on mere arrest. Okay. Thank you.